Filed 4/29/14  In re M.M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.M. | G049969 |
| on Habeas Corpus. | (Super. Ct. No. DP022438) |
| | O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to challenge an order of the Superior Court of Orange County, Gary G. Bischoff, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.)  Petition denied.

Liana Serobian, under appointment by the Court of Appeal, for M.M.

Nicholas S. Chrisos, County Counsel, Karen L. Christensen and Julie J. Agin, Deputy County Counsel, for Respondent Orange County Social Services Agency.

\*          \*          \*

M.M. (mother) has filed a petition for writ of habeas corpus asserting her trial lawyer performed ineffectively at the June 2013, 12-month permanency review by stipulating to proposed orders and findings terminating reunification services concerning her son Timothy M. (born August 2009), and permitting the juvenile court to schedule a Welfare and Institutions Code section 366.26 hearing (all statutory references are to this code unless otherwise indicated).  She seeks a writ vacating the juvenile court's September 2013 order terminating her parental rights, and either six months of additional reunification services, or an order directing the juvenile court to conduct another 12-month review.  For the reasons expressed below, we deny mother's petition.[1]

I

FACTUAL AND PROCEDURAL BACKGROUND

In a declaration accompanying her habeas corpus petition, mother asserts she retained counsel Robert Curatola to represent her in the juvenile court proceedings.  She communicated with him on several occasions and expressed her desire to "fight for [her] son's return to [her] care" at the 12-month review.  Curatola told her she "was going to get [her] son back because [she] had done what the court asked of [her] and had" maintained 10 hours of weekly unmonitored visits with her son as well as telephone calls.  At the contested 12-month review, Curatola "waived [her] rights and consented to the order terminating" services and did not object when the court scheduled the section 366.26 hearing.  Mother alleges he did not discuss the stipulation with her in advance of the hearing, he did not advise her of the ramifications of the stipulation, and she would not have agreed to the stipulation/waiver given her compliance with the case plan and regular visits with her son.  At the 12-month review, the court did not ask her if she agreed to the stipulation, and she did not understand what "stipulate" meant.

---

[1] We previously granted mother's request to take judicial notice of the record of her appeal from the order terminating parental rights filed in case number G049086. We deny mother's request to consolidate the habeas proceeding with the appeal.

2

After the June 2013 hearing, she asked Curatola to challenge the order setting the section 366.26 hearing. Mother asserts Curatola claimed he filed the notice of intent to file a petition under California Rules of Court, rule 8.450 to challenge the order, but he apparently never did so. She "first learned that the case was headed for adoption when [she] received" the Orange County Social Services Agency's notice of the section 366.26 hearing. She also faults Curatola for misstating that he filed an appeal from the orders denying her modification petition and terminating her parental rights.

In a declaration accompanying mother's habeas petition, mother's appellate attorney states she attempted to contact Curatola to inquire about his tactical reasons for stipulating to terminate reunification services. He generally failed to respond to counsel's requests for information, but during a March 4, 2014 phone call Curatola stated "he stipulated to the termination of services so that [mother] could continue to visit Timothy for 10 hours a week and that [mother] was aware of this arrangement." Mother claims "no such discussion took place."

## II

### DISCUSSION

Mother contends Curatola violated her right to the effective assistance of counsel (§ 317.5, subd. (a) [statutory right to competent counsel]; *In re Arturo A.* (1992) 8 Cal.App.4th 229, 239-240 [parent has due process right to competent assistance of counsel when hearing has potential to result in termination of parental rights]) at the June 2013 permanency review by stipulating to the termination of reunification services and agreeing to schedule a section 366.26 hearing. She asks this court to issue a writ vacating the order terminating parental rights and to order six more months of reunification services, or, alternatively, to order the juvenile court to conduct another 12-month review.

To prevail on an ineffective assistance claim, mother must establish (1) her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) she was prejudiced, that is, a reasonable

3

probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. (*In re Emilye A.* (1992) 9 Cal.App.4th 1695, 1711; *Strickland v. Washington* (1984) 466 U.S. 668, 688 (*Strickland*).)

We need not address whether Curatola's performance satisfied professional norms because it is not reasonably probable the result would have been different had counsel not stipulated to the proposed orders and findings. (*Strickland*, *supra*, 466 U.S. at p. 697 [court need not determine whether counsel's performance was deficient before examining prejudice].) It is not reasonably probable the juvenile court would have continued reunification services in June 2013 absent the stipulation. Timothy was under three years of age at the time he was removed and reunification services were presumptively limited to one year. (§ 361.5, subd. (a)(1)(B); § 366.21, subds. (f)-(g).) Social Services had recommended termination of services. As detailed more fully in our opinion from mother's direct appeal in case number G049086, incorporated here by reference, the record reflects mother had not meaningfully progressed in her ability to regain custody of Timothy due to her failure to take responsibility for the dependency, her lack of insight, her rejection of additional counseling, her disruptive accusations against caretakers, and the poor quality of her visits with Timothy. (See § 366.21, subd. (g) [court shall continue the case only if it finds that there is a substantial probability the child will be returned to the physical custody of his or her parent and safely maintained in the home within the extended period; to find a substantial probability of return court must find the parent has made significant progress in resolving problems that led to the child's removal from the home, demonstrated the capacity and ability both to complete the objectives of his or her treatment plan, and to provide for the child's safety, protection, physical and emotional well-being, and special needs].)

Mother's petition fails to state a prima facie basis for relief. Accordingly, we deny the petition.

## III

### DISPOSITION

The petition for a writ of habeas corpus is denied.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


THOMPSON, J.